[No. 16054. Department One. January 24, 1921.]

NELLIE E. CARNEY, *Appellant,* v. JOHN E. CARNEY *et al.,* *Respondents.*[1]

DIVORCE (58)—LIS PENDENS (6, 7)—CANCELLATION OR MODIFICATION—OPERATION AND EFFECT. Under Rem. Code, § 998, providing that, pending an action for divorce, the court may make proper orders for the disposition of the property, the court has power to order the renewal of a mortgage upon property affected by a notice of *lis pendens* and to suspend the operation of the *lis pendens* to the extent of effecting such renewal freed from plaintiff's claim under the *lis pendens;* such an order not being in any just sense a cancellation of the *lis pendens.*

STATUTES (45)—REPEAL—IMPLIED REPEAL OF SPECIAL BY GENERAL ACT. Rem. Code, § 243, relating to *lis pendens* is a general act and does not repeal the divorce statute, Id., § 998, which is a special statute; since repeals by implication in such a case will arise only where the repugnancy between the two statutes is very clear.

[1]Reported in 194 Pac. 991.

Appeal from an order of the superior court for King county, Frater, J., entered May 29, 1920, upon an order in an action for divorce, granting defendant's application for the modification of a notice of *lis pendens*. Affirmed.

*McClure & McClure,* for appellant.

*Jones, Riddell & Brackett,* for respondents.

FULLERTON, J.—On April 19, 1919, the appellant, Nellie E. Carney, began an action in the superior court of King county seeking a decree of divorce from her husband, John E. Carney. In her complaint, after alleging facts constituting grounds for a divorce, she alleged in substance that, on and prior to April 7, 1919, the parties as husband and wife were possessed of certain described real property situated in King county, of the value of sixty thousand dollars, the legal title to which stood in the name of John E. Carney. That, on the day named, John E. Carney conveyed the property by a warranty deed to Florence E. Curtis, his daughter by a former marriage. That the purported conveyance was made without consideration, and in anticipation of her action against him for a divorce, and for the fraudulent purpose of cheating and defrauding her of her interests in the property.

At the time of filing her complaint, the appellant filed in the office of the auditor of King county a notice of the pendency of the action, under Rem. Code, § 243, in which was stated the names of the parties to the action and a description of the real property affected thereby. Florence E. Curtis was made a party defendant to the action, and in due time answered to the complaint, putting in issue its affirmative allegations in so far as they related to her, and pleading affirmatively facts tending to show a right to the conveyance

made by her father to her. The defendant John E. Carney also answered, his answer being a denial of the acts on which the action for divorce is based and an affirmative plea relating to the conveyance in substance the same as that of his daughter.

Thereafter and on May 17, 1920, Florence E. Curtis filed in the action a petition praying a modification of the notice of *lis pendens,* so as to permit the extension or renewal of a certain mortgage then outstanding against one of the tracts of property described therein. In her affidavit filed in support of the application, she alleged that the mortgage in question was executed in 1909; that it was executed by her father and mother, together with other owners in common of the property, and existed thereon at the time of her father's subsequent marriage to the present appellant; that it was originally for the sum of twenty-seven thousand dollars, and that it bore interest at the rate of six per centum per annum; that, at various times subsequent to its execution, payments were made on the principal of the mortgage and the time of the maturity thereof extended, so that, at the time of the filing of her petition, there remained due thereon the sum of eighteen thousand dollars; that this sum was then due and the mortgage subject to foreclosure, and that she had been unable, because of the filing of the notice of *lis pendens,* to procure a further extension of the time of payment of the original mortgage, or procure a new loan on the property in that amount from persons who would otherwise be willing to make such a loan.

Notice of the application was served upon the other parties to the divorce proceeding. The appellant appeared and moved to quash the application, which motion the trial court overruled. She thereupon stood upon her motion without further pleading, whereupon

the court made an order, the material part of which appears in the following quotation:

"Ordered, adjudged and decreed that the petitioner, herein, Florence E. Curtis, be, and is hereby authorized to refund that certain mortgage upon Lot Three (3) Block Forty (40), A. A. Denny's Sixth Addition to the city of Seattle, King county, Washington, which mortgage is dated February 11, 1909, and recorded in Volume 433 of Mortgages at page 207 of the records of the Auditor's office of King county, Washington, by the execution of a new mortgage upon the said lands not to exceed in amount Eighteen Thousand Dollars ($18,000.00) for a period of not more than five (5) years and at a rate of interest not to exceed eight (8) per cent per annum, and

"It is further ordered that when executed by her and recorded together with the satisfaction of said present mortgage upon said real estate, the said new mortgage shall be and is hereby decreed to constitute an incumbrance and charge upon said property of the same standing and legal effect as the mortgage now existing upon the said above described lands, and that the said mortgage when so executed, shall be and is hereby decreed to be prior in lien to any right in the said property of any party to this action, and jurisdiction is hereby reserved to this court to enter herein such supplemental decree or order further confirming the title and right of any such new mortgage as in the judgment of the court may be fit and proper."

It is from this order that the present appeal is prosecuted.

The statute relating to the filing of a notice of *lis pendens* is found in Rem. Code, § 243, and reads as follows:

"In an action affecting the title to real property the plaintiff, at the time of filing the complaint, or at any time afterward, or whenever a writ of attachment of property shall be issued, or at any time afterward, the plaintiff or a defendant, when he sets up an affirmative

cause of action in his answer, and demands substantive relief at the time of filing his answer, or at any time afterward, if the same be intended to affect real property, may file with the auditor of each county in which the property is situated a notice of the pendency of the action, containing the names of the parties, the object of the action, and a description of the real property in that county affected thereby. From the time of the filing only shall the pendency of the action be constructive notice to a purchaser or encumbrancer of the property affected thereby, and every person whose conveyance or encumbrance is subsequently executed or subsequently recorded shall be deemed a subsequent purchaser or encumbrancer, and shall be bound by all proceedings taken after the filing of such notice to the same extent as if he were a party to the action. For the purpose of this section an action shall be deemed to be pending from the time of filing such notice: Provided, however, that such notice shall be of no avail unless it shall be followed by the first publication of the summons, or by the personal service thereof on a defendant within sixty days after such filing. And the court in which the said action was commenced may, in its discretion, at any time after the action shall be settled, discontinued or abated, on application of any person aggrieved and on good cause shown and on such notice as shall be directed or approved by the court, order the notice authorized in this section to be canceled of record, in whole or in part, by the county auditor of any county in whose office the same may have been filed or recorded, and such cancellation shall be made by an indorsement to that effect on the margin of the record.''

It is the appellant's contention that the court in making the order from which the appeal is prosecuted exceeded its powers. The argument is that the proceeding relative to a notice of *lis pendens* is wholly statutory; that the statute itself defines its effect and limits the powers of the court with reference thereto;

and since the statute provides that the court may, in its discretion, at any time after the action shall be settled, discontinued or abated, order the notice to be canceled of record, its power to cancel or modify such a notice is limited to the time so specified, and hence cannot be exercised during the pendency of the action. But to this we think there are at least two sufficient answers. The statute relating to divorce and alimony, at § 998, Rem. Code, provides that:

"Pending the action for divorce the court, or judge thereof, may make, and by attachment enforce, such orders for the disposition of the . . . property . . . of the parties as may be deemed right and proper. . . ."

The term "property" as here used includes real as well as personal property, and the statute is sufficiently broad, standing alone, to warrant an order of the court during the pendency of an action for divorce authorizing the parties to the proceeding, or some one of them, to renew, contract to continue for a definite time, or pay in whole or in part, a mortgage upon the community property of the parties, or the separate property of any one of them. The authority thus conferred warrants the order made by the court in the present instance, if the statute has not been superseded by the *lis pendens* act, which is an enactment by the legislature later in time than is the section of the statute cited from the divorce act. But the divorce statute is special; that is to say, it is special in the sense that it is applicable only to actions brought for the purpose of dissolving a marriage contract. On the other hand, the statute relating to the filing of a notice of *lis pendens* is a general statute. By its terms it is made applicable to all actions which affect real property. But it contains no special repeal of the sec-

tion of the statute cited from the divorce act, and if there is a repeal at all, it is a repeal by implication.

"But repeals by implication are not favored; and the repugnancy between two statutes should be very clear to warrant a court in holding that the later in time repeals the other, when it does not in terms purport to do so. This rule has peculiar force in the case of laws of special and local application, which are never to be repealed by general legislation except upon the most unequivocal manifestation of intent to that effect." *Callvert v. Winsor*, 26 Wash. 368, 67 Pac. 91, quoting from Cooley, Constitutional Limitations (6th ed.), p. 182.

The statute of *lis pendens* first appeared in the legislation of the state in the act of March 15, 1893 (Laws of 1893, p. 407). It is entitled, "An act to provide for the manner of commencing civil actions in the superior courts, and bringing the same to trial." The act as a whole is confined to the general purpose indicated in the title. Plainly we think there is not in it any indication of an unequivocal intent to repeal or supersede the special provision cited from the divorce statute. It will follow, therefore, that the order of the court may rest on this express provision of the statute.

The second answer is that the order of the court is not, in its substance and effect, a cancellation of the notice of *lis pendens*. It is not disputed that the mortgage lien sought to be renewed is a valid and subsisting lien upon the property, and that any award of the property which the court may make to the appellant must of necessity be subject and inferior to the lien. The amount of the mortgage will not be increased, and the interests of the several parties in the property will be the same and subject to the same charge as they were before. This, we are clear, can in no just sense be said to be a concellation of the *lis pendens*.

The inquiry, we think, need not be pursued further. The order should be affirmed, and it will be so ordered.

PARKER, C. J., HOLCOMB, BRIDGES, and MACKINTOSH, JJ., concur.